# Illinois Central Railroad Company

## *v.*

## Norman L. Shultz.

1. Negligence—*in a railroad.* Where a person was engaged in unloading coal from a car upon a side-track of a railroad, by direction of an agent of the company, and while thus engaged was thrown from the car by reason of other cars being violently pushed against it by a locomotive in charge of the servants of the company, whereby he was injured, it was held not to have been the duty of such person to be on the constant watch for approaching trains on the side track, but the law would impose upon the company the duty to use all necessary precaution, and to give proper signals to warn of danger.

2. In such case, ordinary diligence was all that was required of the party injured, to avoid injury, and the liability of the company would then be fixed, if it was guilty of negligence.

3. Comparative negligence—*of an instruction in respect thereto.* In an action against a railroad company to recover for personal injuries to the plaintiff occasioned by the negligence of the defendant, an instruction was given that, if the jury believed from the evidence "that defendant was guilty of considerable negligence, and plaintiff was guilty of but little negligence," they must find the defendant guilty: *Held,* that while the

words "considerable" and "little" were not the most appropriate in comparing the negligence of the parties, and were objectionable, still, in view of the evidence, which seemed to preponderate in favor of the plaintiff, and was so found by the jury, the instruction could not have misled them.

APPEAL from the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was an action on the case, brought in the court below by Shultz against the railroad company, to recover damages for personal injuries received by the plaintiff by reason, as alleged, of the negligence of the servants of the company.

It is averred in the declaration, substantially, that the railroad company had a side-track running out from the road on the east side thereof, in the city of Centralia, which was used by the company as a place to set in cars laden with coal which were transferred by the company to the city, there to be unloaded; that at the time of the accident the plaintiff was unloading coal from a car placed thereon by the company for the purpose of being unloaded, the plaintiff being on the car engaged in transferring coal therefrom to a wagon having a team of horses attached, standing by the side of the car; that the plaintiff being so engaged, with his back toward the point where the side-track joined the main track of the road, and "while so engaged in unloading and transferring coal as aforesaid, using all proper care and diligence," the servants of the company having in charge a locomotive engine, entered the side-track and coupled on or attached the locomotive to some cars on the side-track, and, without ringing the bell or sounding the whistle, or any other signal from the locomotive and cars, attached in so careless a manner upon the other cars negligently left standing on the side-track by the servants of the company as to set said cars violently in motion, and said cars so set in motion by the negligence of the servants of the company were driven with such force and violence against the car so occupied as aforesaid by the plaintiff as to throw him off the car with great violence partly against and on the wagon aforesaid.

· It was further averred that the great noise and concussion frightened the horses attached to the wagon, and they started just as plaintiff struck the wagon, and he was thrown to the ground with great force and violence, and the wagon passed over his ankle, breaking and crushing it, and causing other serious personal injuries, etc.

The company pleaded the general issue.

· The defendant excepted to giving of the following, among other, instructions, given for the plaintiff:

1—The court instructs the jury for the plaintiff, that, if you believe from the proof that the plaintiff was authorized by the agents of defendant to unload the car of coal on the side-track, and that while he was so engaged, and while he was exercising ordinary care, the agents of company caused another car to run against the car on which he was at work, in a careless manner, and that plaintiff was thrown from the car and injured in his limbs or person, as charged in the declaration, you should find for plaintiff.

2—That, in making up your verdict in this case, you have the right to consider all the circumstances in the case; and if you believe, from the proof, that defendant was guilty of considerable negligence, and plaintiff was guilty of but little negligence, then you must find defendant guilty.

4—That, if you believe, from the proof, that the engineer of the defendant saw the plaintiff, and could have avoided injuring plaintiff, by the exercise of proper caution, and the engineer did not exercise proper caution, but carelessly run another car against the car where plaintiff was at work, as alleged in declaration, you should find defendant guilty, if you can find plaintiff received injury from such carelessness.

The court refused the following instructions asked by defendant:

1—The court instructs the jury that the failure to ring a bell on the engine in question would not of itself constitute

such negligence as would authorize a recovery; nor would the fact that the empty cars had not the brakes set, constitute such negligence; nor would the fact that the engine accidently pushed an empty car against the car of the plaintiff, constitute such negligence—unless the engine was moving at a high and reckless rate of speed.

2—The court instructs the jury that, if they believe, from the evidence, that the plaintiff was unloading coal from a railroad car into a wagon, and that engines and trains were frequently moving about in the vicinity, it was the duty of the plaintiff to secure his team, and to use all reasonable care and caution to prevent injury to himself; and if they further believe, from the evidence, that a short distance south of the car he was on there were other empty cars standing on the track, and that the engine in charge of Riffle, came on the track towards, and a few hundred feet distant from where the plaintiff was, and that it pushed an empty car against the car the plaintiff was on, and thereby plaintiff was knocked off and injured, then the plaintiff can not recover unless it further appears that if the plaintiff had been looking in that direction he would not have had, in the exercise of reasonable diligence, time to get off the car and avoid the injury, it was the duty of the plaintiff to keep a look out in that direction, and it would not, under such circumstances, be sufficient diligence for a person in such a position to depend on his hearing alone for protection; and in such case it would not be material whether the engine bell was rung or not.

The trial below resulted in a verdict for the plaintiff for $1000, and judgment was rendered accordingly, from which the company appealed.

Mr. GEORGE W. WALL, for the appellant.

Mr. B. B. SMITH, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

We can not reverse upon the evidence.

At the time of the injury, appellee was engaged in unloading coal for the Centralia Gas Company, from the car of appellant. He was directed there by the agent of the railway company, and had the right to enter the car for the purpose indicated.

He would have made slow progress with his work, if required constantly to watch for the approach of trains. Under such circumstances, the law imposes the duty upon the company to use all necessary precaution, and to give proper signals to warn of danger.

The servants of the company probably did see, and, at all events, might have seen, appellee at his work. If warning was given of the approaching train, it is extremely improbable that he would have continued his labor, and made no effort to guard himself from great danger.

As is usual, the testimony is very contradictory as to the ringing of the bell, and the exercise of proper care on the part of the company, and the finding of the jury in that regard should not be disturbed.

The negligence charged upon appellee is not shown by the record. The probable conclusion is, that he had no knowledge of the train until the collision occurred; and in the effort to prevent a fall between the cars, he fell on one side of them, and the injury resulted.

Objections are taken to certain instructions given for the plaintiff below. It is urged that the first instruction omits the important element that the plaintiff should have used due care; that the second is indefinite in the use of the phraseology, "considerable negligence," and "little negligence," in comparing the negligence of the respective parties, and that the fourth makes the company liable for the carelessness of its servants, without regard to the negligence of the plaintiff.

It is a sufficient answer to the first objection, that the instruction expressly requires the jury to believe, from the proof, that the plaintiff was in the exercise of "ordinary care" at the time of the accident. Ordinary diligence only was required of the plaintiff to avoid the injury, and the liability of the company would then be fixed, if it was guilty of negligence.

In a comparison of the degree of negligence, though the words, "considerable" and "little," are not the most appropriate, and are objectionable, yet we can not say, in view of the evidence, that the jury were misled by their use, and induced to find erroneously. The idea necessarily conveyed would be that the negligence of the one was small in degree when compared with the greater negligence of the other. The jury were compelled to consider the relative degrees of negligence of the parties, and measure the fault of one by the greater carelessness of the other.

Though the instructions should not have been given, we can not say, upon the whole record, that it operated injuriously, as the evidence warranted the verdict, and justice was done.

The objection to the fourth instruction is not well taken. It is averred, in all the counts of the declaration, that the plaintiff, in unloading the coal, and while in the car, was in the exercise of all proper care and diligence; and the instruction required the jury to believe, from the evidence, that the injury resulted from the carelessness of the company, while the plaintiff was "at work, as alleged in the declaration." Besides the express language contained in the first instruction, the attention of the jury was specifically called, by the fourth, to the necessity of proof that the plaintiff was, at the time, in the use of "all proper care and diligence."

Complaint is made of two instructions refused. They were properly refused. The principles contained in them appropriate to be announced, were substantially embraced in eight other instructions given for the company.

12—64th Ill.

They were likewise objectionable in themselves. The first assumed that if the collision was accidental, it would not constitute negligence. There is no evidence to justify the assumption, and it might have misled the jury. The second required a constant watch for any approaching train. This was wholly unreasonable, and would have seriously hindered the very purpose of going into the car, the unloading the coal.

The judgment is affirmed.

*Judgment affirmed.*